UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON ALLEN EVANS,

    *Plaintiff*,

v.

MICHIGAN, STATE OF,
MICHIGAN DEPARTMENT
OF NATURAL RESOURCES,
JAMES McATEER, and
WARREN MacNEIL,

    *Defendants*.

    _____/

CASE NO. 18-CV-12358

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §1915e(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED without prejudice**.

**II.    REPORT**

    **A.    Introduction**

On July 30, 2018, Plaintiff Jason Evans filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On August 2, 2018, this Court granted Plaintiff's application to proceed without prepayment of fees (Doc. 2), allowing Plaintiff to proceed *in forma pauperis (*IFP*)*. (Doc. 5.)

On July 31, 2018, the case was referred to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915e(2)(B), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under 28 U.S.C. § 1915(e), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases or cases being screened under the IFP statute, i.e., 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

In addition, Rule 8(a) of the Federal Rules of Civil procedure requires that a Plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights

2

secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. The Complaint

Plaintiff's Complaint alleges seven counts: (1) false arrest; (2) false imprisonment; (3) intentional infliction of emotional distress; (4) assault; (5) battery; (6) federal civil rights violation; (7) gross negligence; (8) damages in excess of $75,000. (Doc. 1.) The factual allegations supporting these claims are the following averments:

> 11. That on or about the 30th day of July, 2016 Plaintiff was lawfully present at Burton landings camp ground in Crawford County, Michigan, engaged only in a lawful purpose and fashion.
> 12. At all times material Plaintiff was an orderly citizen engaging in no action(s) which violate the laws of the State of Michigan.
> 13. At all times material to these proceedings, in particular on the aforedescribed date and time, the individual defendants, and each of them, accosted, harassed, assaulted and battered Plaintiff.
> 14. At all times material to these proceedings, on July 30, 2016, Plaintiff, was accosted by each of the individual defendants without cause or legal justification.
> 15. At no time material to these proceedings, in particular on July 30, 2016, did Plaintiff engage in any conduct, act or omission which would constitute any criminal act or behavior.
> 16. On or about July 30, 2016, Defendants McAteer and Warren Macneill, unlawfully and with reckless disregard, gross negligence and/or deliberate indifference, detained Plaintiff.
> 17. Plaintiff was physically restrained and deprived of his personal liberty and freedom of movement.
> 18. The imprisonment and restraint were against Plaintiff's will.
> 19. Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of the Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

> 20. Defendants, States of Michigan and MDNR recklessly and intentionally failed to train its Conservation Officers and/or agents in proper arrest procedures.
> 21. The procedures and policies which the Defendants, State of Michigan and MDNR has implemented concerning arrest resulted in violation of Plaintiff's Civil Rights.
> 22. Each of the Defendants possessed the power to prevent and/or aid in preventing the commissions of such wrongful acts as described above, and accordingly owed a duty to the Plaintiff to prevent, aid in preventing and/or attempt to prevent the commission of such wrongful acts.
> 23. Upon belief, the conduct and omissions of the individual defendants, described above, was done under color of law as part of a pattern, practice, custom, and policy of the State of Michigan and its Department of Natural Resources.
> 24. The pattern, practice, custom and policy of defendants referenced in the preceding paragraph, include, but is not limited to:
>> a. Taking law abiding citizens into custody, under arrest, without a search or arrest warrant, and without any crime having been committed;
>> b. Falsely arresting a law abiding citizen;
>> c. Engaging in excessive zeal and use of force in responding to any need for police intervention[.]

(Doc. 1.)

### D. Discussion

To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

In this case, I suggest that the complaint is subject to *sua sponte* dismissal because Plaintiff has not alleged what happened. The complaint alleges Plaintiff was engaged in lawful conduct but does not state what that lawful conduct was. Plaintiff asserts that he was "accosted" and "restrained" but only cites to one day, July 30, 2016; thus, it is not clear whether he was actually

4

arrested or held in custody or not, and if so, for what period of time he was held. Plaintiff alleges that he was "battered" but does not say what was done to him, e.g., whether he alleges that he was punched, kicked, etc. The Court has no way of assessing the viability of Plaintiff's claims when there are no facts alleged at all and instead Plaintiff gives only conclusory allegations which are completely insufficient under *Iqbal, supra*. *Hanel v. General Motors, LLC*, No. 14-10213, 2014 WL 3186651, at *2 (E.D. Mich. July 8, 2014)(dismissing case where the "Complaint does not contain even facts that would answer certain basic questions, such as, was Plaintiff employed by GM, and if so, for how long...")

I further note that if Plaintiff were to attempt to correct these deficiencies by filing another timely Complaint, he should be aware that a claimed constitutional violation against a supervisor must also be based upon active unconstitutional behavior since there is no vicarious liability under § 1983. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). In addition, "[a] mere conclusory allegation that a city employed an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Hargrow v. Shelby Cnty*, No. 13-2770, 2014 WL 3891811, at *4 (W.D. Tenn. Aug. 7, 2014), citing *Iqbal* and *Huller v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012). Finally, regardless of the relief requested, the State of Michigan is immune from suit under the Eleventh Amendment and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915e(2)(B).

### III. **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 2, 2018              S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Jason Allen Evans at P.O. Box 264, 11325 Old 27 N., Vanderbilt, MI 49795.

Date: August 2, 2018                                                          By s/Kristen Castaneda
                                                                                    Case Manager